No. 9617.

THE CONTINENTAL LIFE INSURANCE COMPANY *v.* HOUSER.

PLEADING.—*Uncertainty.*—*Demurrer.*—Mere uncertainty in a pleading can not be reached by demurrer.

LIFE INSURANCE.—*Forfeiture.*—*Fraud.*—*Contract.*—*Performance.*—*Complaint.* —*Premiums.*—A complaint, in an action to recover premiums paid on a forfeited life insurance policy, alleged that a life policy had been assigned to the plaintiff with the approval of the insurance company. The premiums were to be $155 per annum, payable quarterly, and were so paid for six years, when the plaintiff, being ready to pay, could find no agent of the defendant, at the usual place, to receive the money, and the defendant then declared the policy forfeited for non-payment of that premium. It was offered the next day to an agent elsewhere. There was no averment that the plaintiff had performed the conditions of the contract, nor what such conditions were.

*Held,* on demurrer, that the complaint was insufficient.

*Held,* also, that if fraud in declaring the policy forfeited was relied on, the facts constituting it should have been alleged.

*Held,* also, that where a risk attaches premiums paid during its continuance can not be recovered back.

From the Vigo Circuit Court.

*J. Buchanan,* for appellant.

*W. Eggleston* and *E. Reed,* for appellee.

ELLIOTT, J.—The third paragraph of the appellee's complaint is, substantially, the ordinary count for money had and received, and, although badly drawn and lacking in certainty, is sufficient on demurrer. The remedy for a pleading defective in point of certainty is a motion to make more definite and certain.

The fourth paragraph alleges that, on the 23d day of December, 1872, one William Hesse received from appellant a policy of insurance on the life of his mother, Louise Hesse, payable to himself; that the premium was $155 per annum, payable in four instalments; that on the 4th of July, 1873, William Hesse assigned the policy to appellee; that the assignment was approved by appellant; that, to quote from the complaint, " by reason of the assignment, the plaintiff agreed

to pay annually at the times specified the premiums on the policy;" that she did pay them according to its terms until April, 1878; that the amount paid by her was $750; that after the assignment appellant's agents always notified her of the time of payment of the premiums; that appellant was a non-resident corporation, and that all premiums were paid at the city of Terre Haute, in this State; that on the 23d day of April, 1878, she was ready and willing to pay the premium that then became due, and made diligent search for the agent at the city above named, but found none; that on the next day she ascertained that the appellant had an agent at Indianapolis, and sent the premium to him; that the appellant, to again quote from the complaint, " for the purpose of defrauding the plaintiff and cheating her out of her money at the said time, to wit, on the 23d day of April, 1878, declared her said policy forfeited for the non-payment of the premium aforesaid, and refused to receive the quarterly premium then due on said policy, and to give her a receipt therefor, and has ever since so refused to do." The prayer is for a cancellation of the policy and for judgment for $1,000.

It is not easy to determine upon what theory the paragraph is constructed, but counsel on both sides treat it as a complaint for the recovery of the premiums paid by the appellee. We do not think the paragraph good for any purpose or upon any theory.

There is no averment of performance of the conditions of the contract on the part of the assured; nor, indeed, is there any statement of the terms or conditions of the contract. For any thing that appears, the appellant may have had an undoubted right to forfeit the policy. The averment, that the forfeiture was declared for the purpose of defrauding appellant, amounts to nothing. If fraud was relied on, the facts constituting it should have been alleged; epithets can not fill the place of facts.

Where a plaintiff grounds a right of action upon a breach of such a contract, he must show performance on his part and a wrongful refusal or failure to perform on the part of his ad-

versary. It is not enough to show non-performance, for there may be non-performance without a breach. In order to make a good complaint in such an action as this, the plaintiff must show the terms and conditions of the contract, performance on his part, and a failure or refusal to perform on the part of the other party, constituting a breach of the contract. There is nothing in the complaint before us showing that the refusal to perform was not fully justified by the terms of the policy.

The policy was valid in its inception, and there was for a time a risk, and the general rule is that where the risk attaches premiums can not be recovered from the company. Bliss Life Ins. 750; May Ins., section 567. If there was a continuing valid risk up to the time the last premium was tendered and refused, then the premiums previously paid can not be recovered. May Ins., sections 568 and 569. If, however, the act of the appellant in declaring a forfeiture was wrongful, then there must be a remedy. We do not feel called upon to decide whether the remedy would be a reinstatement of the policy or an action for its value, for the complaint is insufficient in any view that may be taken of the question. *Day* v. *Connecticut, etc., Ins. Co.,* 45 Conn. 480 (29 Am. R. 693).

Judgment reversed.