No. 12,798.

## THE CONTINENTAL LIFE INSURANCE COMPANY v. HOUSER.

LIFE INSURANCE.—*When Premiums can not be Recovered.*—Where a risk once attaches, under a valid policy, premiums paid upon it during its continuance can not be recovered back as for money had and received.

LAW OF CASE.—*Decision of Supreme Court.*—The decision of the Supreme Court in a cause remains the law of the case in all subsequent proceedings.

From the Vigo Circuit Court.

J. *Buchanan,* for appellant.

W. *Eggleston* and E. *Reed,* for appellee.

HOWK, J.—This cause is now before this court for the second time. On the former appeal, the opinion and judgment of this court are reported under the title of *Continental Life Ins. Co.* v. *Houser,* 89 Ind. 258.

When the cause was returned to the court below, appellee filed an amended complaint, in four paragraphs. Of these, appellant's demurrer was sustained to the second paragraph, and appellee voluntarily withdrew the third paragraph of her complaint. Issues were joined on the first and fourth paragraphs of complaint by appellant's answer in general denial thereof. These issues were tried by a jury, and a verdict was returned for appellee assessing her damages in the sum of $593.75; and, over appellant's motion for a new trial, the court rendered judgment on the verdict.

Errors are assigned here by appellant, which call in question (1) the sufficiency of the first paragraph of complaint when challenged, for the first time, in this court; (2) the overruling of its demurrer to the fourth paragraph of complaint, and (3) the overruling of its motion for a new trial.

1. It is conceded by appellant's counsel, in his brief of this cause, that the first paragraph of appellee's complaint, now before this court, is the same substantially as her third paragraph of complaint on the former appeal herein. We

then held that such third paragraph, "although badly drawn and lacking in certainty," was sufficient on demurrer as an "ordinary count for money had and received." If the paragraph is sufficient on demurrer, and our former holding is conclusive that it is, surely it is sufficient when, as here, it is called in question for the first time by an assignment of error in this court.

2. Appellant's counsel vigorously assails, in argument, the overruling of the demurrer to the fourth paragraph of appellee's complaint. Appellee's counsel claim, however, that if this ruling be erroneous, it is a harmless error for the reason that the court below "excluded all evidence offered under the fourth paragraph of complaint." This is equivalent, we think, to an admission on the part of appellee that the verdict and judgment below herein rest, and must be rested, upon the first paragraph of appellee's complaint. Besides, the fourth paragraph of complaint, now before us, states substantially the same facts as were stated in the fourth paragraph of complaint on the former appeal herein, the substance of which facts we have given in our former opinion. We then held, and we see no cause for changing our decision, that the facts so stated were not sufficient to withstand a demurrer, and that the paragraph of complaint was not "good for any purpose or upon any theory." In the case under consideration, the court clearly erred, we think, in overruling appellant's demurrer to the fourth paragraph of appellee's complaint.

3. In our opinion, on the former appeal herein, we said: "The policy was valid in its inception, and there was for a time a risk, and the general rule is that where the risk attaches premiums can not be recovered from the company. Bliss Life Ins. 750; May Ins., section 567. If there was a continuing valid risk up to the time the last premium was tendered and refused, then the premiums previously paid can not be recovered. May Ins., sections 568 and 569." We

think this is a correct statement of the law, and certainly it is the law of this case. For the rule of law applied by this court in the decision of a cause remains the law of that case in all subsequent proceedings therein. *Kress* v. *State,* *ex rel.*, 65 Ind. 106; *Pittsburgh, etc., R. W. Co.* v. *Hixon,* 110 Ind. 225, and cases there cited.

Applying the rules of law declared in our opinion on the former appeal herein to the case as now presented, we are of opinion that the verdict and judgment below can not possibly be sustained. There is no evidence in the record of this cause, as now presented, which proves, or tends to prove, that appellant ever had and received any money, for the use and benefit of appellee, upon any account other than premiums paid upon a valid risk assumed by appellant upon the life of Louise Hesse. Under the law of this case, as declared by this court on the former appeal herein, such premiums so paid can not be recovered back from the appellant as and for money had and received. It follows, therefore, that the verdict of the jury was not sustained by sufficient evidence and was contrary to law; and, for these causes, it was error in the court below to overrule appellant's motion for a new trial. This is not a case of conflicting evidence. But it is a case where the evidence wholly fails to establish a valid and legal claim against the defendant.

Appellant's counsel also complain, in argument, of certain alleged errors of law occurring at the trial and excepted to, and assigned as causes for a new trial in the motion therefor; but, as these errors of law are not likely to occur again, we do not now consider them. In conclusion, we commend to the consideration of appellee and her counsel the suggestions contained in the closing sentences of our opinion on the former appeal herein, and the authority cited in support thereof. *Day* v. *Connecticut, etc., Ins. Co.*, 45 Conn. 480; *Continental Life Ins. Co.* v. *Houser, supra.*

The judgment is reversed, with costs, and the cause remanded with instructions to sustain the demurrer to the

fourth paragraph of complaint, and for further proceedings not inconsistent with this opinion.

Filed June 17, 1887.