State, *ex rel.* Cecil, by Next Friend, *v.* Christian *et al.*

---

No. 1,558.

## STATE, EX REL. CECIL, BY NEXT FRIEND, *v.* CHRISTIAN ET AL.

PLEADING.—*Complaints.*—*Action On Clerk of Circuit Court's Bond.*— *Letters of Guardianship.*—The complaint, in an action on a clerk's bond, which shows a breach by the clerk of his bond in wrongfully issuing letters of guardianship, which, on their face, certified that he (the guardian) had been appointed in term time, when in truth and in fact he had not been appointed by the court, and that by reason of such wrongful act plaintiff's property was lost, sufficiently states a cause of action.

GUARDIAN AND WARD.—*Clerk Issuing Letters in Term Time to One Not Appointed by Court.*—*Liability on Bond.*—If a clerk issue letters of guardianship in term time, without the appointment having been made by the court, and by reason of such appointment the guardian got possession of the ward's property and squandered it, the clerk is liable on his bond.

From the Hamilton Circuit Court.

*W. Booth*, for appellant.

*W. Fertig, H. J. Alexander, T. J. Kane, R. K. Kane, J. W. Christian* and *W. S. Christian*, for appellees.

Ross, J.—This was an action upon a county clerk's bond given by the appellee, James R. Christian, as principal, and the other appellees as sureties. A separate demurrer by the appellee Christian, and a joint

State, *ex rel.* Cecil, by Next Friend, *v.* Christian *et al.*

demurrer by his co-defendants for want of facts, were filed to the complaint and sustained by the court. Upon these rulings of the court are predicated the specifications of error assigned on this appeal.

The material allegations of the complaint are that the defendant James R. Christian, as clerk of the Hamilton Circuit Court, on the 23d day of September, 1883, issued to one Archibald Knapp letters of guardianship over the person and property of the plaintiff, May Cecil, a minor, without said Knapp having been appointed by the court, and that by reason of the issuing of said letters of guardianship said Knapp collected five hundred and fifty dollars belonging to said minor; that in October, 1893, Knapp was removed from his trust as guardian and an action brought against him and his sureties, William A. Sheward and Sarah Knapp, on his guardian's bond, to recover the funds belonging to his ward's estate, which it was alleged he had converted to his own use, and for which he had refused to account; that a judgment was recovered against said Knapp and the surety, William A. Sheward, on the bond, and as to the other surety, Sarah Knapp, it was found that she was a married woman and not liable. It is also alleged in the complaint that both Knapp and the surety on his bond, William A. Sheward, were insolvent at the time the appellee, Christian, appointed Knapp and issued the letters of guardianship to him; that an execution had been issued on the judgment against Knapp and Sheward, but that the sheriff had been unable to collect the same.

All the necessary allegations as to the election and qualifications of Christian as clerk, and the execution of the bond sued on, were made in the complaint.

The complaint before us is very loosely drawn and cannot be considered a model pleading, in that many of

its allegations are indefinite and uncertain; but taking all of the allegations together, we think it seeks to show a breach by appellee of his bond in wrongfully issuing to Archibald Knapp letters of guardianship, which on their face certified that he had been appointed in term time, when in truth and fact he had not been appointed by the court, and that by reason of such wrongful act appellant's property was lost.

The statute, section 2512, R. S. 1881 (section 2673, Burns Rev. 1894), provides that "The court having probate jurisdiction in each county, in term time, or the clerk thereof in vacation, shall appoint guardians of minors resident in such county or having estates therein."

The language of the statute is that in vacation the clerk of the court shall appoint guardians of minors, but such appointments are subject to the future approval of the court. Appointments made in vacation author- ize the person appointed to act until the next succeeding term of the court, when the act of the clerk in making the appointment should be submitted to the court for its approval. When the court is in session, or, as in the language of the statue, "in term time," the court alone is empowered to make such appointments.

No greater or more important responsibility is cast upon the courts than that of looking after the welfare and preserving the estates of minors. The natural parent having been taken away, the law makes the court their protector, not only to look after their care and education, but to see that their property is pre- served. Guardians of minors are but the servants of the court, and for the administration of their trust they must answer to the court.

As heretofore stated, the facts alleged are somewhat indefinite and uncertain, but if appellee Christian is-

sued letters of guardianship in term time, without the appointment having been made by the court, and by reason of the issuance of such letters Knapp got possession of and squandered appellant's property, he is liable on his bond.   We are of opinion that the complaint states a cause of action, and that the court below erred in sustaining the demurrer thereto, but, in reversing the cause, direct that appellant be allowed, if she request it, to amend her complaint.

Judgment reversed.

DAVIS, J., did not participate in the consideration or decision of this case.

Filed October 16, 1895.