State, *ex rel.* Cecil, by Next Friend, *v.* Christian *et al.*

---

STATE, EX REL. CECIL, BY NEXT FRIEND, *v.* CHRISTIAN ET AL.

[No. 2,170.    Filed June 3, 1897.]

APPEAL AND ERROR.—*Law of Case.—Amendment After First Appeal.*—A decision on appeal, that a complaint is sufficient, is conclusive on a second appeal where no substantial amendment of the complaint has been made.  *pp. 14, 15.*

BASTARDS.—*Order of Court to Pay Money to a Person Other than the Mother.—Presumption.*—An order of court in a bastardy proceeding directing the money to be paid to a person other than the mother, need not recite that the mother is not a proper person to receive the money.  *pp. 15, 16.*

SPECIAL FINDING.—*Payment of Money by Clerk to Person Holding Certificate of Appointment as Guardian.*—A finding that a specified person presented to the clerk a certificate of appointment as guardian, and demanded certain money in the clerk's hands, that the clerk thereupon took the certificate and recorded it, and paid him the money, is a sufficient finding that such person received the money in his alleged capacity as guardian.  *pp. 16, 17.*

From the Hamilton Circuit Court.    *Reversed.*

*William Booth, F. E. Gavin, C. F. Coffin* and *T. P. Davis,* for appellant.

*Fertig & Alexander* and *Christian & Christian,* for appellees.

ROBINSON, J.—Appellant brought this action upon the bond of the clerk of a circuit court.

In the special finding, the court found substantially the following facts: On the 27th day of September, 1883, the appellee, James R. Christian, was elected and qualified and acting clerk of the Hamilton Circuit Court of Hamilton county; that he executed his official bond as such clerk, with his co-appellees as sureties thereon; that the relatrix, May Cecil, is the bastard child of Martha Knapp, and is now fifteen years old; that in June, 1881, in the Delaware Circuit Court, the said Martha Knapp instituted a bastardy proceeding against one Samuel K. Cecil, charging him with the paternity of the said relatrix, May Cecil; that in said suit the said Samuel K. Cecil was adjudged to be the father of the said May Cecil, and it was further adjudged that he pay, for the support and maintenance of said child, the sum of $400.00. The judgment further provided that said sum might be paid in installments, and the judgment contained the following: "It is further considered by the court that said judgment or the several installments thereof, when paid, be paid to ———— ————, who is hereby appointed and ordered to qualify and give bond as guardian of such bastard child." The court further found that after the rendition of this judgment, one Archibald Knapp made verbal application to the appellee, Christian, as clerk of the Hamilton Circuit Court, for letters of guardianship upon the person and estate of the said May Cecil, and filed with the clerk an "informal" bond; and that thereupon, and while said Hamilton Circuit Court was then in session in regular term, the said Christian issued to said Archibald Knapp, a certificate under the seal of the Hamilton Circuit Court, which certificate recited that he (Christian), as clerk of said court, certified that Archibald Knapp had been appointed guardian of the person and property of May Cecil, which certificate the said Christian

delivered to said Archibald Knapp. The court further found that said Knapp was never appointed as guardian of said May Cecil by the Hamilton Circuit Court, nor by any other lawful authority, that, after receiving said certificate, said Knapp presented the same to the clerk of the Delaware Circuit Court, and demanded the money in the hands of said clerk which had theretofore been paid into his hands upon the judgment in said bastardy proceedings, and that said clerk thereupon took the certificate from said Knapp, recorded the same upon the order book of said court, and paid to the said Knapp the sum of $333.00, being the amount paid to said clerk upon the said judgment in said bastardy proceedings, $215.00 of said amount having been paid on the 28th of September, 1883, and $118.00 on the 4th day of June, 1884. The court further found that said Knapp applied $100.00 of said moneys to the support and maintenance of the said May Cecil, and that the residue of the money he converted to his own use, and that he was insolvent when said certificate was issued to him, and that he has since been, and still is, so insolvent; and that the pretended bond filed by said Knapp after taking out of the clerk's office of Hamilton county said certificate, was worthless and unavailing to the relatrix; that one of the pretended sureties was at the time wholly insolvent, and the other a married woman, and that relatrix has never realized anything whatever on account of said bond. The court further found that on the 17th day of January, 1885, the said Archibald Knapp endorsed on the margin of the record of the judgment of the Delaware Circuit Court against said Samuel K. Cecil, a written assignment of the same to one William Abbott, which said written assignment was signed by said Knapp, as guardian of Martha Knapp, and that Knapp was paid by said Abbott the sum of $111.32 for making said assign-

ment; and that the clerk of the Delaware Circuit Court on the 2d day of June, 1885, paid to said Abbott, $124.00 of moneys paid to him as such clerk on said judgment. The court further found that Archibald Knapp never at any time had the care and custody of the said bastard child, but the mother of said bastard child, the relatrix in said bastardy proceeding, at all times had the custody, care, and maintenance of said child, and that when said certificate of appointment as guardian of said child was so issued by appellee, Christian, as heretofore found, said child resided with its mother in Delaware county. Upon these facts the court stated its conclusion of law "that the plaintiffs have no right to recover judgment against the defendants."

The only question argued by counsel is the correctness of the court's conclusions of law on the facts found. The evidence is not in the record.

This case is in this court for the second time. For the opinion on the former appeal, see *State, ex rel.*, **v.** *Christian*, 13 Ind. App. 308.

In holding the complaint good on the former appeal the court said: "We are of opinion that the complaint states a cause of action, and that the court below erred in sustaining the demurrer thereto, but, in reversing the cause, direct that appellant be allowed, if she request it, to amend her complaint."

While the direction to the court below on the former appeal to permit the complaint to be amended, and it was amended, yet all the material averments are the same as in the original complaint. The same cause of action is stated in the amended complaint that was in the original complaint. The only difference between the two pleadings is the phraseology. No change was made in the issues for trial.

State, *ex rel.* Cecil, by Next Friend, *v.* Christian *et al.*

The question as to whether the complaint was sufficient was directly decided on the former appeal and is the law of the case on this appeal. An amendment which does not substantially change the character of the pleading does not take a case out of the rule. *City of Logansport*, v. *Humphrey*, 106 Ind. 146; *Nickless* v. *Pearson*, 126 Ind. 477; *Poulson* v. *Simmons*, 126 Ind. 227; *Continental Life Ins. Co.* v. *Houser*, 111 Ind. 266; *Johnson* v. *Hosford*, 110 Ind. 572; *Elkhart, etc., R. R. Co.* v. *Waldorf*, 17 Ind. App. 29.

In the case of the *Ohio, etc., R. W. Co.* v. *Hill*, 7 Ind. App. 255, on the return of the case to the lower court the pleadings were amended and issues reformed. The first appeal was to the Supreme Court. It was held that it may be conceded that this court will take judicial notice of the record in the Supreme Court on the former appeal; that the bill of exceptions containing the evidence given on the first trial, is a part of the record of which this court will take judicial notice; that the principles of law established on the former appeal, so far as applicable, remain the law of the case through all its subsequent stages, and must be adhered to, whether right or wrong, not only in the trial court, but in this court, on a second or any subsequent appeal.

In that case the court declined to hold that the evidence set out in the record on the former appeal was binding on the court on the second appeal.

It is argued by appellees' counsel that the finding does not show that Knapp had even *prima facie* authority to receive the money on the judgment in bastardy.

When the judgment was rendered in the bastardy proceedings the court for some reason directed the money to be paid to a person other than the mother. The statute does not require that, where the court

makes such an order, it must at the time state that the mother is not a proper person to receive the money. The court's order that it be paid to some one else raises the presumption that the court found the mother to be an improper person to receive it.

As was said in the opinion on the former appeal, the wrong done the relatrix was the issuing of the spurious letters of guardianship, and then putting it in the power of a nominal guardian to receive the money. After the Delaware Circuit Court had made the order it did, the mother of the child could not have drawn the money from the clerk. When Knapp presented his letters of guardianship under the seal of the Hamilton Circuit Court, the clerk of the Delaware Circuit Court, under the order that had been made, was authorized to pay the money to him.

It is argued that there is no direct finding that Knapp received the money from the clerk of the Delaware Circuit Court in his alleged capacity as guardian, and by virtue of the spurious letters, but the court does find that, after Knapp received his certificate of appointment, he presented it to the clerk of the Delaware Circuit Court, and demanded the money in the clerk's hands received in the bastardy proceedings, and that the clerk thereupon took the certificate, and recorded it in the order book of the court, and paid Knapp the money. This is a sufficient finding that Knapp was paid the money, and received it in his alleged capacity as guardian.

The finding of facts by the court shows that it is within the issues as made in the complaint. The amended complaint is substantially the same as the original complaint which, it was held, stated a cause of action.

On the former appeal the court said: "If appellee Christian issued letters of guardianship in term time,

without the appointment having been made by the court, and by reason of the issuance of such letters Knapp got possession of and squandered appellant's property, he is liable on his bond." 13 Ind. App. 308.

The opinion on the former appeal being decisive of this appeal, it follows from what has been said that the court erred in its conclusion of law.

Judgment reversed with instructions to restate the conclusions of law.