## Harlow *v.* First National Bank of Seymour et al.

[No. 4,055.   Filed December 12, 1902.]

JUDGMENT.—*Complaint to Set Aside Default.—Excusable Neglect.*—In a suit to be relieved from a decree in a foreclosure proceeding rendered upon default, on the ground of excusable neglect, the plaintiff averred in her complaint that prior to the commencement of the foreclosure proceeding she held a judgment against her husband, who was the judgment defendant in such foreclosure suit; that she was made a party defendant in such suit, but was told by plaintiff's attorney that her interests would be protected; that she employed an attorney to appear generally for her, but that her said attorney, after plaintiff's counsel agreed in open

court to the form of an entry which would have protected her interests, withdrew from the case; that thereafter a codefendant filed a cross-complaint in which the validity of her judgment was attacked, and, in the absence of her attorney, her judgment lien was held void. *Held*, that the complaint was insufficient on demurrer. *pp. 162-166.*

LAW OF CASE.—*No Material Amendments.*—Where a complaint has been held insufficient on appeal, such ruling is conclusive in a subsequent appeal, no substantial or material amendment of the complaint having been made. *p. 166.*

PLEADING.—*Suit to Set Aside Default.—Motion to Strike Out.*—Where, in a suit to set aside a default on the ground of excusable neglect, allegations in the complaint seeking to charge with fraud the attorney who took the default, which allegations are mere epithets and fail to charge unprofessional conduct on the part of such attorney, are properly stricken out on motion. *pp. 169-171.*

JUDGMENT.—*Complaint to Set Aside Default.*—In a complaint to set aside a default, an allegation that the court would not have entered the judgment it did if it had been advised of the facts, states merely a conclusion of law. *p. 172.*

From Jackson Circuit Court; *Marshall Hacker*, Special Judge.

Suit by Mary E. Harlow against the First National Bank of Seymour and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*A. N. Munden, J. H. Kamman, B. K. Elliott, W. F. Elliott* and *F. L. Littleton* for appellant.

*W. T. Branaman* and *O. H. Montgomery*, for appellees.

WILEY, J.—This case is appealed for the second time. On the former appeal, when the present appellees were the appellants, the judgment was reversed because of defects in the original complaint pointed out in *Thompson* v. *Harlow,* 150 Ind. 450. After the case had been returned to the trial court the plaintiff (appellant here) filed an amended complaint. Appellant seeks to be relieved from a judgment rendered against her upon default, and proceeds upon the statute which entitles a party to be relieved from a judgment rendered against him—to quote the language of the

statute—"through his mistake, inadvertence, surprise, or excusable neglect." §399 Burns 1901.

The questions presented by the appeal arise on the rulings of the trial court made on motions to strike out parts of the amended complaint and upon the demurrer to that pleading. The general questions for decision are: (1) Did the trial court err in sustaining the motion to strike out parts of the amended complaint? (2) Did the trial court err in sustaining separate demurrers of the appellees to the amended complaint? There were two motions to strike out; one filed by the First National Bank of Seymour and Archibald F. Thompson, the other by Louisa Gray and Martha Mitchell. There were separate demurrers, one by the defendants, Archibald F. Thompson and the First National Bank of Seymour, the other by Martha Mitchell and Louisa Gray.

The amended complaint avers these facts: That suit upon a note and mortgage was brought in the Jackson Circuit Court by the First National Bank of Seymour against Garrett F. Harlow, the husband of the appellant, to which suit the appellant and others were made defendants, as judgment creditors of Garrett F. Harlow having judgment liens upon the lands covered by the mortgage and junior to the lien of the mortgage of the plaintiff in the foreclosure suit; that the appellant was duly notified of said suit or action; that on making inquiry she was advised by friends in whom she had confidence that said action was nothing more than a suit on said note and mortgage; that she was made a party because she was a junior creditor of her husband by virtue of the assignment by Julia Rosenfield of a judgment against Garrett F. Harlow; that the appellant was advised by the plaintiff in said cause, by its attorney in said cause and by her friends, that the judgment assigned to her by Julia Rosenfield was perfectly good, and could not be attacked in said suit; that her friends so advised her at the *plaintiff's instance and request;* that she did not know

and had no means of knowing that the said Rosenfield judgment and said assignment would in any way be attacked in said suit; that W. T. Branaman, attorney for plaintiff in said suit, in order to prevent this plaintiff (the appellant) from employing counsel to protect her said Rosenfield judgment, informed this plaintiff, just before he filed said foreclosure proceedings, that she would be a party to said action on account of said assignment of said Rosenfield judgment, and that he would set up in the complaint the date of said judgment, and thus show its priority over all other liens except the lien created by the mortgage; that the said attorney of the plaintiff in the foreclosure suit assured the appellant that he would protect her said Rosenfield judgment, and that he procured E. H. Ahlbrand to assure her that her judgment would be protected; that the attorney of the plaintiff in such foreclosure suit did set up the priority of her judgment, but that *"he afterwards conspired to overthrow said judgment for the benefit of his regular clients,* defendants in said cause, namely, Louisa Gray, Nellie Cooley, and Martha Mitchell;" that the appellant employed A. N. Munden generally as counsel to protect her one-third interest in the property mortgaged by her husband, and also other interests she had in such property; that a rule to answer the complaint was entered against her; that at the same time an attorney appeared for the First National Bank and Archibald F. Thompson, and they were ruled to answer said complaint; that other defendants except Nellie Cooley were defaulted; that appellant's counsel from time to time answered and set up her rights as wife in the estate of her husband; that the attorney for the plaintiff bank agreed in open court as to the judgment entry in said cause, namely, that only the undivided two-thirds of the land described in the complaint should be sold under the foreclosure proceedings; that thereupon appellant's counsel withdrew from the case, and stated in open court his intention to be absent for the remaining days of the term; that at the time

of such agreement, namely, September 22, 1896, the valid-
ity of the Rosenfield judgment and the assignment thereof
were in no way attacked; that on the same day, and after
this plaintiff's (appellant's) counsel had left the court room
and gone home, the defendants, the First National Bank
and Archibald F. Thompson, for the first time filed their
answer to the said complaint after the appellant's counsel
had announced his intention of being absent as above men-
tioned; that in said cross-complaint the said bank and
Thompson alleged that this plaintiff Mary E. Harlow's
judgment for $1,954.25 and costs, as assigned to her in
writing by Julia Rosenfield, was fraudulent and void; that
the judgment purporting to be owned by her belongs in fact
to the said Garrett F. Harlow, and the defendants, the First
National Bank and Archibald F. Thompson, prayed and
obtained a judgment accordingly, and the same was duly
spread of record by the clerk of the said Jackson Circuit
Court, "and signed by the judge thereof;" that on the same
day—September 22, 1896—on which said cross-complaint
was filed, the said Mary E. Harlow, in the absence of her
attorney, was ruled to answer said cross-complaint; that on
the 23d day of September, 1896, the said defendants, the
First National Bank and Thompson, wrongfully procured
judgment against this plaintiff (appellant) by default on
said cross-complaint, whereby this plaintiff's (appellant's)
Rosenfield judgment was adjudged to be fraudulent and
void, and not a lien, whereby it was adjudged that she was
not entitled to have any part of her judgment paid, and
whereby the surplus, after paying the amount of the mort-
gage lien, was distributed among the other defendants, judg-
ment creditors of said Garrett F. Harlow; that the said bank
and the said Thompson failed and purposely omitted to in-
form the court of the nature and scope of said cross-com-
plaint, but purposely concealed the same from the judge of
said court; that if the court had been informed as to the na-
ture and scope of said cross-complaint it would not have ren-

dered judgment thereon in the absence of the plaintiff's (appellant's) attorney, without first giving her attorney information of said cross-complaint, according to the practice of the court in such cases; that the said First National Bank obtained a decree, which was entered of record, for an order of sale, and a judgment for $5,364.34; that the real estate was sold for $9,300; that after paying the judgment of the First National Bank in full there remained a surplus of $3,699.30 to be distributed among the defendants; that such surplus was distributed as follows:   To the defendant the First National Bank, $2,155.50; to the defendant Thompson, $1,644.49; to the defendant Nellie Cooley, $191.31; to the defendant Louisa Gray, $110.89; to the defendant Martha Mitchell, $95.26; that appellant received nothing as the assignee of the Rosenfield judgment, which judgment was a prior lien; that appellant had no notice of the filing of such cross-complaint; that she did not appear to said cross-complaint, nor did anyone for her; that she then resided and now resides in Jackson county; that "she learned for the first time that said cross-complaint had been filed and judgment procured against her after the commencement of the present term of court, and that she at once, on learning of such proceedings, employed counsel to take necessary steps to secure her rights in the premises;" that the appellant is an aged German woman, and can scarcely speak or understand the English language; that she has never had the responsibility and management of business; that she is wholly ignorant of the nature and privileges of a party to an action; that had she or her attorney known that said cross-complaint was pending, or that it was the intention of the First National Bank and Thompson to file a cross-complaint, thereby attacking her Rosenfield judgment, she would have appeared thereto and set up her defense; that she has a valid and meritorious defense to said cross-complaint; that she is now, and has been since the assignment of the judgment to her, the real, sole, and *bona fide* owner

thereof; that she purchased the judgment with her own money on the advice of Jason Brown; that it was purchased with money borrowed by her, and the payment thereof secured by mortgage on her separate estate; that she was surprised at the proceedings, she fully believing that she was made a party to said foreclosure suit only because she was the wife of Garrett F. Harlow, and because she was the owner of the Rosenfield judgment.

It is an established rule of law that where a complaint has been held insufficient on appeal, it is conclusive in a subsequent appeal where no substantial or material amendment of the complaint has been made. *State, ex rel.,* v. *Christian,* 18 Ind. App. 11. In such case the law as declared in the first appeal becomes and remains the law of the case, right or wrong, throughout all subsequent proceedings. *City of Logansport* v. *Humphrey,* 106 Ind. 146; *Nickless* v. *Pearson,* 126 Ind. 477; *Poulson* v. *Simmons,* 126 Ind. 227; *Continental Life Ins. Co.* v. *Houser,* 111 Ind. 266; *Johnson* v. *Hosford,* 110 Ind. 572; *Elkhart, etc., R. Co.* v. *Waldorf,* 17 Ind. App. 29.

On the former appeal the Supreme Court held the complaint bad. When the cause was certified to the court below, the complaint was amended. It is important to determine whether the amendments were of such material character as to relieve it from the infirmities pointed out in the former appeal. It is apparent from the whole scope of the amended complaint that the character of the action has not been changed, and no attempt has been made to change it. It is still a complaint to be relieved from the judgment rendered against appellant "through his [her] mistake, inadvertence, surprise, or excusable neglect," under the provisions of §399 Burns 1901.

A number of amendments were made, and we shall consider them in the order in which they appear. The amended complaint avers that on a day named the First National Bank filed a suit on a note and mortgage "on certain real

estate in said Jackson county" against certain parties. The words. embraced in the quotation are added. This amendment is not material, and adds nothing to the compliant.

Appellant pleads the priority of a judgment against her husband, which she avers she purchased for a valuable consideration, and which was assigned to her; which said judgment was "of record in the office of the clerk of the said Jackson Circuit Court, and in full force and effect, and a prior lien on his real estate in said county and State, and especially on the land described in the complaint for foreclosure above mentioned." The amendment which appears in quotation does not add any probative force to the complaint.

It also averred that she was advised by "plaintiff * * * by its attorney," and "that her friends advised her at said plaintiff's instance and request," that her judgment was good, and could not be attacked in said suit. It is further charged that these representations were made to her to prevent her from employing counsel to protect her said judgment. If it be conceded that these amendments were material, they can not avail appellant, for the complaint affirmatively shows that she did not rely upon the statements of her adversary or its attorney, nor the advice of her friends, for it is averred that she did employ counsel to set up the priority of her judgment, and protect her interest therein.

She also avers in her amended complaint that the attorney for the plaintiff in the foreclosure suit, "assured her that he would protect her said Rosenfield judgment, and he procured E. H. Ahlbrand to assure her also that her said judgment would, by said attorney, be protected." These averments can not be considered of material importance for two reasons: (1) Appellant did not rely upon them, for she did employ an attorney to protect her rights under the judgment; and (2) the complaint avers that the attorney for the plaintiff in that case did set up the date of her judg-

ment to show its priority. This shows, up to this point, that the plaintiff's attorney did all that he promised to do.

It is then averred as an amendment that said attorney "did not protect her said judgment in any other way, but afterwards conspired to overthrow said judgment for the benefit of certain of his regular clients, defendants in said cause, as judgment lien holders, namely, Louisa Gray, Nellie Cooley, and Martha Mitchell, defendants in this suit." The parties named were not his clients in that case. The averment that he "afterwards conspired" to overthrow her judgment is the statement of a conclusion, and not of a fact. No person or persons are named as co-conspirators, and a conspiracy can not exist in the mind of one person. Conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a purpose not in itself criminal or unlawful by criminal or unlawful means. Anderson's Law Dict., 234. The averment under consideration does not specify any act, word, or deed on the part of the attorney that would in any wise connect him with a conspiracy to overthrow appellant's judgment, and does not add any strength to the complaint.

In the complaint in the former appeal it was averred that appellant employed an attorney "specially" to look after certain interests she had in the litigation, while in the amended complaint she avers that she employed her attorney "generally" to set up her one-third inchoate interest in her husband's real estate embraced in the mortgage, and "other interests that she had." These averments make the complaint weaker than it was on the former appeal in this regard, for there she employed counsel only to protect her inchoate interest in the real estate,—she not having joined in the mortgage,—while here she employed him not for that purpose alone, but to protect other interests that she had. If she employed counsel "generally" in that litigation it was his duty to look after and protect any interest she had. It

is further charged that her counsel did appear for her generally in said cause for the purpose above mentioned, and was ruled to answer the complaint; that O. H. Montgomery appeared for the First National Bank and one Thompson, and was likewise ruled to answer the complaint; that appellant's counsel answered the complaint "from time to time as said cause was called for answer, setting up her right to her one-third inchoate interest," etc.; that on the 22d of September, 1896, appellant's counsel and W. T. Branaman, as counsel for plaintiff in said cause, agreed in open court as to the judgment entry, namely, that only the undivided two-thirds of the land described in the mortgage should be sold, and thereupon appellant's counsel withdrew, and stated in open court his intention to be absent from court the remaining days of the term.

Up to this time the complaint avers that the validity of appellant's judgment had not been attacked, and that on the same day, and after appellant's counsel had withdrawn, the First National Bank and one Thompson filed their answer, although they had been ruled to answer on or before September 21, 1896. In these answers, or rather cross-complaints, the validity of appellant's judgment was attacked for the first time, and it must be remembered that it was attacked, not by plaintiff's counsel in the case, but by counsel for defendants, First National Bank and Thompson, whose interests were adverse to plaintiff's. The averments in the amended complaint in this regard are substantially like those in the original, but the amended complaint contains this additional allegation: "Although present by O. H. Montgomery, attorney, from day to day on the regular call of the docket and the call of said cause, that their said attorney knew of the agreement above mentioned by and between the said W. T. Branaman and A. N. Munden, and knew of the intention of said Munden, as stated in open court, to be absent for the remaining days of court, but concealed from said Munden his intention to answer said

complaint or attack said Rosenfield judgment for his client, but instead [cunningly and designedly and with a view to take undue advantage of this plaintiff on account of the absence of her attorney], and after her attorney had left the court room to be absent as above mentioned." The words in brackets were stricken out on motion of appellees.

From the above quotation it is clear that neither appellant nor her counsel were misled by anything that Mr. Montgomery had said or had done up to that time. If they were misled, surprised, or fraud perpetrated upon them, it arises from the fact that he concealed from them the facts that he expected to aver in the cross-complaints. True, it is averred that Montgomery knew of the intention of appellant's counsel to be absent from court, and that he concealed his intention to attack said judgment, but appellant's counsel was bound to know,—and his knowledge was his client's knowledge,—that in filing answers and cross-complaints he was but exercising a legal right. He knew that an order was standing upon the court's record requiring them to answer, for the amended complaint so avers; and, although the order required an answer on or before September 21st, their right to answer had not been foreclosed by any action of the court, and, with the permission of the court, the answer could have been filed at any time. Appellee's counsel was under no legal duty or obligation to disclose to their adversary the facts they proposed to set up in their answers and cross-complaints. Appellant was in court for all purposes legitimately connected with the then pending controversy.

In passing upon this question the Supreme Court in the former appeal used the following language: "In filing their cross-complaint, the court, in entering a rule to answer, and in subsequently defaulting the appellee [appellant here], exercised legal rights, and only such rights as the appellee was obliged to know they possessed, and such as her attorney must have known." Appellant was bound

to know that appellees were in court possessed with the privilege to assert every legal right afforded them by law.

In this connection it is proper to dispose of the question raised by the action of the court in sustaining appellees' motion to strike out the words above quoted, and which are embraced in brackets. ' That language applies to the action and conduct of counsel for the First National Bank and Thompson in that litigation and one of the counsel now representing the appellees. As above stated he did not mislead or perpetrate a fraud upon appellant by anything he did. He made no agreement of any character with her or her counsel, did not say or do anything to mislead them, and he was under no obligation to disclose the nature of his client's defense, or what matter he might set up in a cross-complaint. The language stricken out must, in the light of these facts, be regarded as mere epithets, and does not charge fraud, or show any unprofessional conduct, or tend to mislead appellant or her counsel. It does not give any strength or support to the complaint, and there was no error in striking it out.

The original complaint averred that the First National Bank in its foreclosure proceeding, procured a judgment in a sum named, and as regards that judgment the complaint was amended so as to show that said "judgment and order was spread of record by the clerk of said Jackson Circuit Court, and was duly signed by the judge thereof, and is still in full force and effect." This amendment is not material, and does not, of itself, make the complaint good.

In the original complaint it was shown that the real estate covered by the mortgage was sold under the decree, the amount realized by the sale, and how and to whom the proceeds were distributed; and in this connection, touching the question of distribution, the amended complaint contains this additional averment: "According to the judgment on said cross-complaint above mentioned." This

amendment is wholly immaterial, and does not strengthen the complaint.

In referring to the order of court requiring appellees to answer in the foreclosure proceedings, the complaint before us contains an amendment as follows: "That said bank and Thompson, by their attorney, failed and purposely omitted to inform the Hon. S. B. Voyles, sole judge of the said Jackson Circuit Court, and who was at the time presiding judge in said cause, of the nature and scope of said cross-complaint, but purposely concealed from said judge the nature and scope of said cross-complaint; that had the said judge been informed as to the nature and scope of said cross-complaint he would not have rendered judgment on said cross-complaint as above stated, in the absence of this plaintiff and her said attorney, without first giving her and her said attorney information as to the filing of said cross-complaint, and an opportunity to answer said cross-complaint, according to the practice of said court in such cases." This amendment states a conclusion, and not a fact. Appellees were under no legal duty to inform the court of the nature and scope of the pleadings filed. The court takes judicial notice of its own records, and is presumed to know what such records contain. When the pleading states that the court would not have taken the action it did if it had been advised of the facts relied upon, it merely states a conclusion, for it can not be said with any degree of certainty what is in the mind of the court, or what it would have done if it had been differently advised.

Referring to the proceedings in the foreclosure suit, including the judgments rendered under the cross-complaints of the appellees, appellant amended her complaint by adding the following: "For further and more specific information of the court, this plaintiff now refers to the files and record in the Jackson Circuit Court of civil case No. 3,445, the same being entitled First National Bank of Seymour, Indiana, v. Garrett F. Harlow, Mary E. Harlow *et,*

*al.* Action on note and mortgage, etc. Filed August 19, 1896. File No. 9,640. Order-book S. S. To all of which reference is here made." This amendment was stricken out on motion, and such ruling is assigned as error. Counsel for appellant have failed to state any good reason why the action of the court in striking out this averment was erroneous. We can not see how appellant could possibly have been harmed by it, as it adds nothing to the complaint. There was no error in striking it out.

There were other slight amendments to the complaint, but they are of such minor importance that we do not deem it necessary to discuss them.

In the former appeal the Supreme Court decided three questions which it is important to keep in mind, namely: (1) That the mistake relied upon by appellant was one of law, and not one of fact, and afforded her no relief; (2) that where a complaint to foreclose a mortgage makes junior lien holders defendants in such manner as to raise the question of priorities between them, service upon a cross-complaint, filed by one of the defendants, attacking the lien of another defendant; is unnecessary; and (3) that the complaint was bad. It is also important to keep in mind that appellant proceeds under the statute to be relieved from a judgment rendered against her "through her mistake, inadvertence, surprise, or excusable neglect."

Counsel for appellant have discussed the question of fraud on the part of counsel for the plaintiff and counsel for appellees in the foreclosure proceeding, but they do not proceed upon the theory of seeking relief on account of fraud. The fact that appellant employed counsel "generally" to protect her interest, his negligence or neglect becomes her negligence or neglect. *Moore* v. *Horner,* 146 Ind. 287; *Heaton* v. *Peterson,* 6 Ind. App. 1; *Indianapolis, etc., R. Co.* v. *Hood,* 130 Ind. 594. Counsel for appellees made no agreement with appellant or her counsel, and only exercised such rights as the law gave them. Counsel for the

plaintiff in the foreclosure procedings did not betray any confidence imposed upon him, and he could not, in any event, control the action of counsel for appellees.

Having determined that the amendments to the complaint are not of such material character as to change the scope and purpose of the pleading, we think every question is decided adversely to appellant in the former appeal. The law as there declared is the law of this case, and must control.

Judgment affirmed.