**HUMANA HEALTH CARE PLANS,**
Appellant (Defendant Below),

v.

**Charis SNYDER–GILBERT, Appellee**
(Plaintiff Below).

No. 10A04–9106–CV–00193.

Court of Appeals of Indiana,
Fourth District.

July 30, 1992.

Gary L. Napier, Napier & Napier, Louisville, Ky., for appellant.

Charis Snyder–Gilbert, pro se.

MILLER, Judge.

When school psychologist Charis Snyder–Gilbert (Charis) enrolled her husband in Humana Health Care's family coverage plan, she presumably paid Humana to assume the risk for any unexpected health care expenses of her husband, great or small. However, after realizing that her husband's medical claims totalled only $69 for the entire year (as compared to $1807.84 paid in premiums) and that these claims had been erroneously denied due to an accidental computer termination of his coverage, Charis concluded that it would have been more economical had she covered the risk herself. Seizing upon Humana's computer error, Charis sought a refund of the premiums paid on behalf of Mr. Gilbert, alleging that Humana's denial of coverage constituted a material breach of the insurance contract. Charis was able to convince the court that she was entitled to a refund of $1807.84. However, in Indiana, a refund of premiums paid is improper where the insurance company was at risk for the insured—which Humana was despite its computer error.

We reverse.

## FACTS

The facts are not in dispute. After starting her job as a psychologist with the Clark County School System, Charis, through her employer, enrolled both herself (at $1 a month) and her husband (at $150.22 a month) in Humana's health care insurance plan. These premiums were deducted from her paycheck. Coverage for both was to take effect on October 1, 1989.

Upon receipt of Charis's application, Humana enrolled her with family coverage by setting up on the computer system a separate entry for her and her dependent—in this case, Mr. Gilbert. Due to a *clerical* mistake, the computer entry for Mr. Gilbert erroneously reflected that his coverage both began and ended on October 1, 1989. No one was aware of the mistake at the time.

In June of 1990, Mr. Gilbert, using his wife's insurance I.D. card, twice received medical treatment at facilities approved under Humana's family plan. Claims for both visits were filed with Humana, but because of the error, were denied. The Gilberts did not choose to dispute these denials because the two rejected claims totaled only $69.

On October 25, 1990, Mr. Gilbert visited Humana to see if he would be able to file a claim for approximately $7,000 to cover his costs of donating bone marrow to his sister. At that point, Humana told him their records did not reflect his coverage. Sometime on or about October 29, 1990, Charis called Humana and was also told that Mr. Gilbert did not have coverage. Charis then told Humana that if her husband was not covered, she expected Humana to return the premiums paid for his insurance. The account representative who took Charis's call could see that something was amiss because the computer entry showed her currently enrolled in family coverage as of October 1, 1989, yet her only dependent, Mr. Gilbert, was shown to be cancelled on the same day. On October 30, 1990, an account representative from Humana called Charis and informed her that a mistake had been made with her husband and that he in fact had been covered as of October 1, 1989. The representative further told Charis that Humana would reimburse them for any claims previously denied because of this error. True to its word, on November 25, 1990, Humana mailed payment of $69 to cover Mr. Gilbert's prior claims.

Apparently realizing that it would have been cheaper to have paid for her husband's two claims than to pay for his insurance, Charis filed suit in small claims court to recover the premiums paid for her husband. Following a bench trial, the small claims judge entered findings of fact and concluded that Humana's denial of coverage (for the two claims totalling $69) constituted a material breach of the insurance contract, entitling Charis to a refund of the premiums paid for Mr. Gilbert in the amount of $1807.84 (R. 8).

## DISCUSSION

Humana claims the trial court erred by ordering it to refund the premiums paid for Mr. Gilbert's insurance. While ordinarily we review a trial court's findings under a "clearly erroneous" standard, the issue here is a pure question of law warranting *de novo* review. *See Brant v. Hester* (1991), Ind.App., 569 N.E.2d 748, 754; *cf.*

*City of Wabash v. Wabash County Sheriff's Dept.* (1990), Ind.App., 562 N.E.2d 1299, 1300 (in reviewing grant or denial of summary judgment, where the facts are undisputed and the issue presented is a pure question of law, the court reviews the matter *de novo.*).

█ It is axiomatic that a court cannot award a refund of premiums paid to secure insurance once the insurance company has been put *at risk* on behalf of the insured. *The Phenix Ins. Co. of Brooklyn v. Tomlinson* (1890), 125 Ind. 84, 89, 25 N.E. 126; *Standley v. Northwestern Mut. Life Ins. Co.* (1883), 95 Ind. 254, 258; *The Continental Life Ins. Co. v. Houser* (1883), 89 Ind. 258, 260. As stated by our supreme court: "[i]f a policy is valid at its inception, then the company can not be required to refund the premiums received." *Standley*, 95 Ind. at 258 (*citing Continental Life*, 89 Ind. at 260).

█ It is not disputed that a valid insurance contract existed between Mr. Gilbert and Humana. Once Charis mailed her enrollment form to Humana and Humana entered both of them with coverage in its computer files, this constituted a valid offer and acceptance for insurance. *See, e.g., The Kentucky Mut. Ins. Co. v. Jenks* (1853), 5 Ind. 96, 101 (date that the insurance company enters its acceptance of the insured's application is the date the contract commences); *Live Stock Ins. Ass'n v. Stickler* (1917), 64 Ind.App. 191, 115 N.E. 691, 692 (contract of insurance can exist once insurance company accepts the insured's application). Under its agreement, Humana agreed to provide coverage to Mr. Gilbert beginning October 1, 1989; therefore, Humana was at risk for any legitimate claims of Mr. Gilbert which accrued after that point.

Furthermore, we fail to see how Humana's computer error could legally shield it from risk. While our courts in Indiana have not directly addressed this issue, there is helpful authority from Mississippi. In a series of cases, the Mississippi Supreme Court discussed the propriety of punitive damages in cases where the insur-

ance company improperly denied claims due to its own clerical errors or mistakes. While the Court did not always sustain the jury's award of *punitive* damages, the Court consistently held that "error or mistake does not constitute an arguable reason for failure to honor a just claim." *Andrew Jackson Life Ins. Co. v. Williams,* 566 So.2d 1172, 1185–86 (Miss.1990); *Blue Cross & Blue Shield of Miss., Inc. v. Maas,* 516 So.2d 495, 497 (Miss.1987); *Pioneer Life Ins. Co. v. Moss,* 513 So.2d 927, 931 (Miss.1987); *Consolidated American Life Ins. Co. v. Toche,* 410 So.2d 1303, 1305 (Miss.1982). Thus, the Court always upheld (and the insurer never contested) the jury's finding that the insurer was liable (or at risk) for the actual amount of the denied claims.

Based on this, we conclude that, regardless of its computer error, Humana was still legally at risk for any and all legitimate claims of Mr. Gilbert that occurred after his coverage was erroneously terminated. Because Humana remained at risk, the small claims court erred as a matter of law in awarding a refund of premiums.

The judgment of the small claims court in the amount of $1807.84 is reversed.

CONOVER and BAKER, JJ., concur.