THE BROOKLYN LIFE INSURANCE COMPANY

v.

JENNY WECK.

1.  INSURANCE CONTRACT — CANCELLATION. — An insurance company, after the payment of several premiums, assumed to cancel the policy on the ground that the assured had engaged in a hazardous employment forbidden

by the contract.  Upon such attempted cancellation of the contract, the assured may elect to consider the contract in full force, and by proceeding in chancery compel its performance, or he may consider it at an end and sue the company for the breach.

2. Measure of damages in the latter case.—In case the assured elects to consider the contract at an end, the measure of damages would be the value of the policy at the time of the forfeiture, which would be the difference between the amount paid and the cost of carrying the risk during the time the contract was in force.

3. Beneficiary may sue.—Where an insurance company seeks to cancel its contract of insurance, the beneficiary has a right of action for violation of the contract during the life of the assured.

Appeal from the Circuit Court of St. Clair county; the Hon. W. H. Snyder, Judge, presiding.  Opinion filed October 6, 1881.

Mr. Ford Smith, for appellant; that the beneficiary cannot maintain the action during the life of the assured, cited Rev. Stat. 1874, 607; Pingree v. Jones, 80 Ill. 177; Norwood v. Guerdon, 60 Ill. 253; Manhattan Life Ins. Co. v. Warwick, 20 Gratt. 614; Dolby v. Life Ass. Co. 15 C. B. 365;  Daniels v. Newton, 114 Mass. 530; McPherson v. Walker, 40 Ill. 371; Nason v. Holt, 114 Mass. 541.

There has been no such breach of the contract as to entitle the assured to treat it as rescinded: Selby v. Hutchinson, 4 Gilm. 319; Doggett v. Brown, 28 Ill. 493; Wentz v. Hafner, 78 Ill. 27.

The action for money had and received cannot be maintained: Russell v. Gilmore, 54 Ill. 147; Phœnix Mut. Life Ins. Co. v. Baker, 85 Ill. 410.

The plaintiff, if entitled to a recovery, can only recover the value of the policy at the date when premiums were refused: King v. Gilson, 32 Ill. 348; Phœnix Mut. Life Ins. Co. v. Baker, 85 Ill. 410; Worthington v. Charter Oak Life Ins. Co. 41 Conn. 372; Smith v. Charter Oak Life Ins Co. 64 Mo. 330; Day v. Conn. Gen. Life Ins. Co., 45 Conn. 480.

Mr. Edward L. Thomas, for appellee; that the assured could treat the contract as at an end, and recover all premiums paid under it, cited Bliss on Life Ins. 673;  McKee v. Phœnix Ins. Co. 28 Mo. 383; 1 Chitty on Contracts, 925.

WALL, J. This was an action of assumpsit by the appellee against the appellant. The declaration contained the common counts, for money had and received for money due on account stated, and for interest. It appears that the defendant company had issued a policy of insurance upon the life of John Weck, husband of the plaintiff below, for $2,000, payable to the plaintiff below upon the death of her said husband. The premiums upon this policy were payable annually, and the payments were regularly made for several years, the defendant company receiving the same and giving receipts therefor in the usual form, until the year 1879, when it refused to receive further premiums, and declared the policy cancelled, for the alleged reason that the insured had become engaged in a hazardous occupation prohibited by the policy, and for which cause it claimed the right to cancel the contract of insurance. The plaintiff below recovered; the court fixing the measure of damages at the amount of premiums paid and interest thereon. It is objected that the action cannot be maintained by the plaintiff, until the death of her husband.

The contract of insurance was, so far as the company was concerned, to pay the sum insured upon the death of the insured; and in order to secure the rights offered by the contract, the insured had only to pay the premiums promptly, as required by the terms of the policy.

If the company undertook or assumed to cancel the policy for a reason not allowed by the contract, or not true in point of fact, such assumption would be nugatory, and the assured could not be prejudiced; but if the alleged ground of forfeiture was well taken, of course the company would be discharged; and in regard to this matter the company acts at its peril, and must take the risk of being able to make good the reason assigned for the cancellation. But the assured, upon receiving notice of such an intention, may elect to consider the contract of insurance at an end, or in full force. If he elects to consider the policy at an end, then the question arises whether the company was justified in the declaration of forfeiture. If it was, there can be no further liability; if it was not, then the assured ought to have the value of the pol-

Brooklyn Life Ins. Co. v. Weck.

icy at the time of the forfeiture. [In this case the court assumed that the amount paid by way of premiums, with interest, would properly measure that value; but it must be apparent that such cannot be the correct view, for the reason that during the time when the premiums were paid, the insured was carried by the company, and has had the benefit of the insurance during that period; for if he had died during that time, the company must have paid the amount secured by the policy.] If the business has been properly conducted, the difference between the amount paid and the cost of carrying the risk, ought to be the then value of the policy to the assured; for with that sum he ought to be able to secure other insurance upon as good terms as those of the policy in question. [It may be, however, that by reason of impaired health, or other cause for which he is not to be charged, he is no longer insurable upon the usual terms, and if such be the case, he ought not to acquiesce in the company's declaration of forfeiture, but insist upon his right that the policy should be continued in force; and to this end he may institute a proceeding in chancery to have it adjudged in force, and the rights of the parties may thus be speedily determined, and the question of forfeiture set at rest; or he may tender his premiums, and if refused, wait until the policy by its terms shall be payable, and bring an action on the policy.] Day v. Conn. Life Ins. Co. 45 Conn. 480; N. Y. Life Ins. Co. v. Statham, 93 U. S. 24; Phœnix Ins. Co. v. Baker, 85 Ill. 210.

It is objected that the action can not be maintained by the present plaintiff, but we see no ground for the objection. She was the beneficiary and the person entitled to enjoy the advantages to be derived under the contract, and no reason has been assigned why she may not enforce whatever rights may arise upon a cancellation of it. Nor is there any force in the objection that no recovery can be had under the common counts, for the reason that by stipulation of the parties the declaration was to be regarded as containing a special count adapted to the case to be made by the proof. In our opinion the court erred in fixing the measure of damages, and for this reason the judgment will be reversed and the cause remanded.

Reversed and remanded.