### METROPOLITAN LIFE INSURANCE COMPANY *v.* McCORMICK.

[No. 2,162.   Filed January 12, 1898.]

COMPLAINT.—*Tested for First Time on Appeal.*—Where a complaint omits the statement of a material fact essential to a right of recovery, the question may be raised for the first time on appeal. *pp. 50, 51.*

INSURANCE.—*Cancelation of Policies.—Remedy.—Life Insurance.*— Where a policy of insurance is wrongfully canceled by the insurer the insured may obtain a reinstatement thereof, or maintain an an action for damages, the measure of damages being the cash surrender value of the policy. *p. 52.*

SAME.—*Cancelation of Policy.—Return of Premium.—Life Insurance.* —Where a policy of insurance is issued and the risk attaches thereunder, an action cannot be maintained, in the absence of a contract to that effect, for the return of the premium paid. *p. 52.*

SAME.—*Cancelation of Policy.—Remedy of Insured.—Life Insurance.* —Where a life policy duly issued has been wrongfully canceled by the insurer, the insured may sue and recover the present value of the policy, or he may tender the premiums as they become due and a recovery may be had for the full amount of the policy on the death of the insured, or a proceeding in equity may be maintained to declare the contract valid. *pp. 52-57.*

From the Marion Superior Court.   *Reversed.*

*James A. Pritchard* and *Chambers, Pickens & Moores*, for appellant.

*G. A. Henry*, for appellee.

VOL. 19—4

WILEY, J.—Appellee sued appellant to recover premiums paid on numerous life insurance policies issued to appellee by appellant upon his life, and the lives of members of his family. The complaint avers that, beginning in 1891, and up to and including May 22, 1893, appellant issued to appellant eight separate policies, the premiums upon which were payable weekly; that he paid said premiums as they became due, up to July 20, 1895, and paid in all $200.00; that on the said 20th of July, 1895, there was due upon all of said policies as premiums, the sum of 99 cents, which said sum was duly tendered to appellant, through its proper officer, at its office in Indianapolis, Indiana, but that appellant refused to accept and credit the same, and has ever since refused, wrongfully and without cause, to receive from appellee the premiums due on said policies, and declared said policies void, and has lapsed and canceled the same. It is further averred that appellant still illegally and wrongfully withholds from appellee the amount so paid by him as premiums upon said policies; that demand has been made upon appellant for the return of all of said premium, and that it has refused to pay the same; and that by reason of the illegal and wrongful forfeiture and cancelation of said policies appellant became, and still is, indebted to appellee in the sum of $200.00, as and for money had and received for the use of the appellee, to his damage, etc. The issues were joined by general denial. Trial by the court resulted in a judgment for appellee in the sum of $197.71.

In the court below the sufficiency of the complaint was not challenged by a demurrer, but it is called in question for the first time on appeal, by the assignment of error that it does not state facts sufficient to constitute a cause of action. It is insisted with great earnestness that the complaint omits the averment of

a material and necessary fact, essential to the existence of the cause of action attempted to be stated, and that for such omission the complaint is bad, and may be attacked for the first time in the appellate tribunal. The sufficiency of the complaint was not challenged below by a demurrer, but the rule is well settled in this State that, if the complaint omits to state a material fact essential to plaintiff's right of recovery, the question may be raised for the first time on appeal. *Smith* v. *Smith*, 106 Ind. 43; *Taylor* v. *Johnson*, 113 Ind. 164; *Burkhart* v. *Gladish*, 123 Ind. 337.

The material fact which appellant claims was necessary to aver, and essential to appellee's recovery, is that the complaint fails to allege any contract conferring upon appellee the right to recover the premiums paid by him, in full. It is clearly apparent, from the averments of the complaint, that, up to a certain date, appellee paid all premiums on his several policies as they matured. On July 20, 1895, when he tendered another payment, and all that was then due, the same was refused, and his policies declared forfeited; and upon these facts he charges in his complaint a cancelation or forfeiture of valid, existing policies, and seeks to recover the full amount of premiums paid, without averring that his contract of insurance gave him this right. As to whether the policies contain a provision for the return of the premium, in case they are canceled, we are not advised, as a matter of fact, for they are not made parts of the complaint by exhibit, and there is no such averment in the complaint; but, in the absence of such averment and the policies, we must assume that they contain no such provision. Conceding that the fault, if any, of the cancelation of the policies, was appellant's, and that the appellee performed all the conditions of his several contracts, the question pre-

sents itself, has he sought his proper remedy? It seems to us that this inquiry must be answered in the negative. Here appellee seeks to recover all the money paid as premiums while the policies, as he avers, were valid and in full force. If his policies were wrongfully canceled, then, in law, they are still in force, and he could require them, by proper proceedings, to be reinstated, or he could bring an action for damages; and in such case his measure of damages would be the cash surrender value of his policies. If appellee can recover, upon the theory of his complaint, on what he avers were valid policies, then appellant would be required to carry the several risks, from the time the several policies were issued up to the time of their alleged wrongful cancelation, without compensation. The several policies were issued upon the life of appellee and members of his family. If death had intervened at any time prior to their alleged cancelation, appellant would have been liable, provided appellee had performed all of the conditions of the several contracts on his part. By the issuing of the policies and the payment of the premiums, appellant assumed the risks therein provided against. In other words, the risks had attached, and appellant had assumed them.

There seems to be a well defined distinction between cases where the risk has attached and where it has not attached. In the latter case, all the premiums must be returned, and an action will lie for their recovery. *Hawke* v. *Niagara District, etc., Ins. Co.,* 23 Grant Ch. (Can.) 139; *Jones* v. *Insurance Co.,* 90 Tenn. 604, 18 S. W. 260, 25 Am. St. 706; *Joliffe* v. *Madison, etc., Ins. Co.,* 39 Wis. 111, 117, 20 Am. Rep. 35; *Phenix Ins. Co.* v. *Tomlinson,* 125 Ind. 84, 21 Am. St. 203; *Tyrie* v. *Fletcher,* Cowp. 668; *Stevenson* v. *Snow,* 3 Burr. 1237; *Waters* v. *Allen,* 5 Hill (N. Y.) 421;

*Clark* v. *Manufacturers' Ins. Co.*, 2 Woodb. & Minot.
(U. S.) 472; *Anderson* v. *Thornton*, 8 Exch. 425.
This rule is certainly grounded in sound reason.  In
such case the insurance company has not incurred any
risk, and hence is not entitled to any compensation.
But where the risk has attached, and the company has
assumed liability in case of loss, the rule must be dif-
ferent.  It cannot be presumed that an insurance
company can assume liability upon one of its policies,
and after carrying the risk for a certain period, be
required to refund all the premiums paid while, as in
this case, as charged, the policies were in full force
and valid, and the company refused to accept the pay-
ment of another premium when due, and canceled it.
In each of the policies issued to appellee by appel-
lant, premiums were paid, and the risks attached.
In *Waters* v. *Allen*, 5 Hill (N. Y.) 421, it was held that
there could be no return of the premium where the
policy attached, though only for a single moment.
Mr. Bliss says:  "Where the policy has been void
*ab initio*, or in any case, 'where a premium has been
paid, but the risk has not been run, whether this has
been owing to the fault, pleasure, or will of the assured,
or to any other cause, the premium shall be returned
by the insurers, but if the risk has once commenced,
there shall be no apportionment or return of the
premiums afterwards.' "  Quoting Lord Mansfield in
*Tyrie* v. *Fletcher*, Cowp. 668, Bliss on Life Insurance
(2d ed.), p. 750, section 415, Mr. May says: "If a policy
be void *ab initio*, or if the risk never attaches, and
there is no actual fraud on the part of the insured,
and the contract is not against law or good morals,
*  *  he may recover back all the premiums he
may have paid.  *  *  *  But if the risk once at-
taches the premium is not apportionable."  May on
Ins., section 567.  In *Clark* v. *Manufacturers' Ins. Co.*,

2 Woodb. & Minot, 472, at page 493, the court said: "If it [the policy] once attaches, the premium is not to be restored, however short the time. * . * *

"Certainly not the whole of the premium, and none unless it can be properly divided, and a part of the risk, as in some sea usages, can be considered as never having been incurred." In *Phenix Ins. Co. v. Tomlinson*, 125 Ind. 84, the court by Elliott, J., said: "The moment the risk attached the premium paid was beyond recovery by the insured. * * * His right is correspondent to his burden; he cannot get his money back but he can enforce his contract."

The complaint avers that "the said defendant still illegally and wrongfully retains and withholds from this plaintiff the aforesaid sum of money paid by him to said defendant as premiums upon said policies of insurance. And demand has been made by the plaintiff for the return to him of all of said premiums by it collected from said plaintiff, yet said defendant refuses and neglects to repay the same." From the whole complaint it is evident that the theory upon which it is drawn is for the recovery of money paid by appellee to appellant as premiums upon certain insurance policies.

In *Continental Life Ins. Co. v. Houser*, 111 Ind. 266, which was a second appeal, the court said: "There is no evidence in the record of this cause, as now presented, which proves, or tends to prove, that appellant ever had and received any money, for the use and benefit of appellee, upon any account other than premiums paid upon a valid risk assumed by appellant upon the life of Louise Hesse. Under the law of this case, as declared by this court on the former appeal herein, such premiums so paid cannot be recovered back from the appellant as for money had and received."

In *Continental Life Ins. Co.* v. *Houser*, 89 Ind. 258, the action was very similar to the one in hand. There an action was brought to recover the premiums paid on a policy of life insurance. The appellee had paid the annual premium for a certain number of years, and when another annual premium became due, appellee went to pay it to appellant's agent at Terre Haute, but was unable to find any one authorized to receive the money, and on failure to pay, the policy was declared forfeited. The court by Elliott, J., said: "It is not easy to determine upon what theory the paragraph [fourth paragraph of complaint] is constructed, but counsel on both sides treat it as a complaint for the recovery of the premiums paid by the appellee. We do not think the paragraph good for any purpose or upon any theory.

"There is no averment of performance of the conditions of the contract on the part of the assured; nor, indeed, is there any statement of the terms or conditions of the contract. For anything that appears, the appellant may have had an undoubted right to forfeit the policy. * * * * Where a plaintiff grounds a right of action upon a breach of such a contract, he must show performance on his part and a wrongful refusal or failure to perform on the part of his adversary. It is not enough to show nonperformance, for there may be nonperformance without a breach. In order to make a good complaint in such an action as this, the plaintiff must show the terms and conditions of the contract, performance on his part, and a failure or refusal to perform on the part of the other party, constituting a breach of the contract. There is nothing in the complaint before us showing that the refusal to perform was not fully justified by the terms of the policy.

"The policy was valid in its inception, and there

was for a time a risk, and the general rule is that where the risk attaches premiums cannot be recovered from the company.    Bliss Life Ins. 750; May Ins. 567.    If there was a continuing valid risk up to the time the last premium was tendered and refused, then the premiums previously paid cannot be recovered. May Ins., sections 568 and 569.    If, however, the act of the appellant in declaring a forfeiture was wrongful, then there must be a remedy.    We do not feel called upon to decide whether the remedy would be a reinstatement of the policy or an action for its value, for the complaint is insufficient in any view that may be taken of the question."

In line with the case from which we have just quoted is *Day* v. *Connecticut, etc., Ins. Co.*, 45 Conn. 480.    In *Continental Life Ins. Co.* v. *Houser, supra*, the court suggests, but does not assume to decide, that the appellee might have had some other remedy. That the appellee in this case has a remedy, if he has been wronged by appellant's acts, and he has performed all the conditions of the contract of insurance on his part, there can be no doubt.

Where a life policy has been duly issued, and is wrongfully canceled by the insurer, the insured may sue and recover for the present value of the policy, or he may tender the premiums as they became due, and recover the full amount of the policy on the death of the insured, or he may proceed in equity, and have a decree sustaining and declaring valid the contract of insurance.    *Day* v. *Connecticut, etc., Ins. Co., supra; Brooklyn, etc., Ins. Co.* v. *Weck*, 9 Ill. App. 358; *Clemmitt* v. *New York Life Ins. Co.*, 76 Va. 355.

In *Standley* v. *Northwestern, etc., Ins. Co.*, 95 Ind. 254, the court said:  "If a policy is valid in its inception, then the company cannot be required to refund the premiums received, although it may subsequently

wrongfully attempt to declare · a forfeiture." We might cite numerous other cases from many of the states, in harmony with the rule above announced, but it seems useless to do so.   We do not lose sight of the fact that in some of the states a different rule prevails, but the great weight of the authorities are in consonance with the cases above cited.   Here there is no averment that appellee performed all of the conditions of the several policies issued to him by appellant.   The complaint avers that said policies provided for certain premiums to be paid weekly, and this is the only condition which he says he performed.   There may have been, and doubtless were numerous conditions to be performed by him.   As was said in *Continental Life Ins. Co.* v. *Houser, supra,* to make his complaint good·it was necessary for him to aver the terms and conditions of his contract, that he performed all of the terms on his part, and that appellant failed or refused to perform all the conditions on its part, such failure or refusal constituting a breach of the contracts.

The complaint, in our judgment, does not state facts sufficient to constitute a cause of action.   The record presents, and counsel have argued  other questions; but as the complaint does not state a cause of action, it is unnecessary for us to consider them. Judgment reversed.