MICHAELSEN v. SECURITY MUT. LIFE INS. CO.

(Circuit Court, E. D. Pennsylvania. January 24, 1907.)

No. 40.

**1. INSURANCE—ANTICIPATORY BREACH OF LIFE POLICY—LAW GOVERNING REMEDY.**

Where a life insurance policy is made payable at the principal office of the company, and expressly provides that the contract shall be subject to and governed by the laws of the state in which such office is located, the remedy of the insured, in case of an anticipatory breach of the contract by the company, is governed by the laws of such state, wherever suit for its enforcement may be brought.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 293.]

**2. SAME—LAW OF NEW YORK.**

Under the law of New York, the rule that renunciation of a continuous executory contract by one party before the time of performance gives the other party the right to disaffirm the contract and sue at once for the breach is not applicable to contracts made by mutual life insurance companies; but, in case of an anticipatory breach of the contract by the company, the remedy of the insured is either by bill in equity to compel recognition of the contract or a tender of the payments due thereunder until its maturity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 940.]

At Law. On motion for judgment for defendant non obstante veredicto.

Edward W. Magill, for plaintiff.
Joseph H. Taulane and Thomas Earle White, for defendant.

HOLLAND, District Judge. On the 22d day of November the defendant corporation issued a life insurance policy on the life of the plaintiff for $10,000, being policy No. 13,990. This policy contained, among other things, the following clause, which designates the place of performance:

"In consideration of the application for the policy and the payment of $247.40, and of the further payment of $247.40 to be made on or before the twenty-second day of November in every year during the continuance of this contract, the Security Mutual Life Insurance Company does hereby agree to receive Frederick L. Michaelson, of Philadelphia, state of Pennsylvania, as a member of said association, and issue this policy, subject to the conditions and with the benefits herein endorsed, and upon receipt of satisfactory evidence to the association of the death of the above named member during the continuance of this policy in full force and effect, promises to pay at its office in the city of Binghamton, New York, to Fannie Michaelson, his wife, if living, at the time of such death, otherwise to the legal representative of the deceased, the sum of ten thousand dollars," etc.

It also contained an express stipulation as to the laws by which the contract should be governed and construed, as follows:

"The place of this contract is expressly agreed to be the home office of the association in the city of Binghamton, New York, and this contract shall be governed by and construed according to the laws of the state of New York."

Plaintiff continued this policy in force by the payment of the stipulated premiums until about May 16, 1904, when the defendant corporation, by its agents, endeavoring to effect a change of policy with the plaintiff, secured control of his policy No. 13,990, in the place of which another policy of the defendant corporation, for the same amount, was tendered and rejected by plaintiff. The defendant corporation, though repeatedly requested, refused to return to plaintiff his old policy, and refused to accept the premium due thereon for the year 1904, and by letter and act indicated to the plaintiff that it (the defendant) regarded the old policy as no longer in effect. The plaintiff treated this as a breach of the insurance agreement on the part of the defendant, elected to rescind the contract, sued in this district in disaffirmance thereof for the recovery of the premiums paid, and after trial the jury awarded the full amount of the premiums, with interest thereon from the date of the suit; there having been no previous demand shown.

At the trial of the cause the defendant raised the objections (1) that, this being a New York contract, to be controlled and construed according to the laws of that state, an action for damages could not be maintained; (2) and, even if it could, under the laws of New York, the measure of damage is not the amount of the premiums paid by the plaintiff on the policy. The first was urged as a ground for a nonsuit, and the second as a point upon which the court was requested to charge the jury. The first was overruled, and the court instructed the jury that the measure of damage in the case was in accordance with the laws of Pennsylvania. In due time the defendant filed reasons for a new trial and motion for judgment non obstante veredicto, in acordance with the provisions of the Pennsylvania act of 1905 (P. L. p. 286).

There is no dispute as to the place of performance. It is conceded that the policy expressly stipulates that New York shall be the place of performance, nor is there any difference of opinion as to the fact that the laws of New York are to govern in the construction and interpretation of the policy. The defendant contends that, as New York is conceded to be the place of performance and the policy is to be construed and the rights of the parties under it controlled by the laws of the state of New York, an action for anticipatory breach of this executory contract of insurance cannot be maintained, but that the plaintiff's remedy is in equity to compel the defendant to continue to receive payments of premium and recognize the old policy as an existing obligation. The plaintiff, while conceding the facts that the place of performance is New York and that the contract of insurance expressly provides that it shall be governed and construed according to New York law, yet, as this is not a suit upon the contract, but is an action in disaffirmance of it for a recovery of damage for a breach thereof, the law of the forum must apply.

The very able and elaborate brief submitted by plaintiff's counsel fails in my judgment to establish this to be the law. This being a New

York contract, we must look to the laws of that state for the purpose of ascertaining, in the first instance, whether or not the plaintiff can under those laws elect to treat the action of the insurance company as a breach of contract and bring suit for damages in disaffirmance thereof. If the laws of New York do not permit the insurance company to breach a contract such as this and authorize the plaintiff to bring an action for such anticipatory breach, but do require the plaintiff in all such attempts to file a bill to compel the insurance company to continue the contract, then the plaintiff is bound by that law, and, notwithstanding the fact the suit was brought without the state, the law follows the contract and binds the plaintiff as much in this forum as though he had proceeded in New York. This being a New York contract, and that state the place of performance, such matters as the bringing of suit, admissibility of evidence, and statutes of limitation, which are matters of remedy, depend upon the law of the forum. All other matters depend upon the law of New York. Morgan v. Railway Co., 2 Woods, 244, Fed. Cas. No. 9804; Scudder v. Union National Bank, 91 U. S. 406, 23 L. Ed. 245; Gray v. Western Union Telegraph Co. (Tenn.) 64 S. W. 1063, 91 Am. St. Rep. 706, note 56 L. R. A. 301–316.

As we have held that the plaintiff is required to pursue such remedies as the New York laws afford him, it will be necessary to examine those laws to see what the rights of the plaintiff are under the facts in this case. Upon an examination of the decisions there it will be found that the rule that renunciation of a continuous executory contract by one party before the day of performance gives the other party the right to sue at once for damages is not applied in the state of New York to contracts made by the mutual life insurance companies, but that the remedies open to the plaintiff are either a bill in equity to compel recognition by the defendant of its obligation under the policy (William Kelly v. Security Mutual Life Ins. Co., 186 N. Y. 16, 78 N. E. 584), or the tender of payments at regular intervals in the future of all assessments or premiums legally due, and at the death of the insured bring suit for the face of the policy (Langan v. Supreme Council A. L. of H., 174 N. Y. 266, 66 N. E. 932). In both these cases it is in effect held that an action for damages for the anticipatory breach of a contract of insurance cannot be maintained.

Under the laws of New York it follows that the motion for judgment in favor of defendant non obstante veredicto must be allowed, and it is therefore ordered and decreed that judgment in this suit be entered in favor of the defendant, notwithstanding the verdict.