**Lewis J. Craft, Appellee, v. Bankers Life Company, Appellant.**

**Gen. No. 8,580.**

Heard in this court at the October term, 1931. Opinion filed February 1, 1932.

, O'HARRA, O'HARRA & ROETH, for appellant.

HARTZELL, CAVANAGH & MARTIN, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

Lewis J. Craft, appellee, filed his bill in equity to the March term, 1931, of the circuit court of Hancock county against Bankers Life Company, appellant, upon two policies of insurance.

The bill of complaint sets out the two policies of insurance, together with certain agreements for disability benefits; alleges that after the issuance of the said policies complainant became totally and permanently disabled, and that by virtue of the disability benefit agreements defendant paid certain benefits for a number of years and waived the payment of premiums on the policies during that time. The bill further alleges that thereafter, on or about September 1, 1930, the defendant refused to continue to pay benefits and waive premiums although requested so to do; alleges that complainant is still totally and permanently disabled and the defendant is about to cancel the policies for nonpayment of premiums claimed to be due. The bill prays that the court decree that said agreement, as provided for in said policies and agreement for disability benefits, may be in full force and effect and carried into execution and that defendant may be decreed to waive further payment of premiums on said policies and that defendant be enjoined from canceling the policies for the nonpayment of premiums.

An answer was filed by the appellant, admitting the issuance and delivery of the policies as set out in the bill and that the agreements for disability benefits were a part of the said policies. The answer further admits that for a number of years complainant was totally and permanently disabled, and that the defendant paid the benefits and waived the payment of premiums as provided in the said agreements for disability benefits until on or about September 1, 1930. The answer further admits the stopping of payment of benefits and waiver of premium and the refusal to continue the same as the result of an examination of the complainant on or about September 1, 1930.

The answer alleges that complainant has recovered from his disability and denies that he is now totally and permanently disabled within the meaning of the agreement for disability benefits.

The answer alleges that the court is without power, jurisdiction or authority in the premises and denies that the complainant is entitled to the relief prayed for.

The appellee filed formal replication to the answer and the cause was referred to the master in chancery, to take and report the evidence, together with his conclusions of law and fact.

Proofs were heard before the master and the master made a report and among other things found that on September 1, 1930, complainant had not recovered from said disability and had not become able to perform any work or engage in any occupation for remuneration or profit, and that complainant is now and has been for more than two years prior to filing bill of complaint, totally and permanently disabled within the meaning of the agreement; further finds that the disability benefits provided in said contracts of insurance have not in any way been canceled and that the same are now in full force and effect; that the complainant has proven the material allegations of his bill; that the equities of the case are with the complainant and that he is entitled to the relief prayed for.

There were objections made before the master, which were overruled, and the objections, having been made exceptions before the chancellor, were heard and overruled and a decree entered.

The decree ordered that the two policies of insurance involved in this proceeding be declared to have been on March 3, 1931, in full force and effect, including the contract for disability benefits attached to each of said policies and it was ordered that the defendant pay to the complainant a sum equal to one per cent of the face of each of said policies for each calendar

month, beginning as and of the 1st day of September, 1930, and down to the 3rd day of March, 1931, which amounted to the sum of $700, and that the defendant pay the costs of this proceeding. It was further ordered that judgment be and the same was thereby rendered in this cause against the defendant and in favor of the complainant for the sum of $700, and the costs of this proceeding, and execution was ordered and directed to issue out of the court for the same.

It was further ordered that the defendant waive all premiums due on said policies or either of them from September 1, 1930, to March 3, 1931.

It was further ordered "that the defendant be and it is hereby" perpetually enjoined and restrained from canceling said policies of insurance or either of them, because of the nonpayment of any premiums upon the same due prior to the 3rd day of March, 1931.

Appellant has appealed.

It is contended by appellant that there is no evidence in the record tending to show that appellant was about to cancel said policies of insurance for nonpayment of premiums and therefore the decree should be reversed.

From the proofs it appeared that appellant sent the following letter to appellee, under date of September 24, 1930: "We have received the report of our examining physician, Dr. Pearce, and have also completed certain other independent investigation of your claim for total disability benefits, and as a result thereof, we are of the opinion that you are no longer entitled to benefits.

"Total disability which wholly prevents you from performing any work or engaging in any occupation whatsoever is a condition that must exist if you are to receive benefits, and it is not our opinion that you are so totally disabled at this time. Please understand that the mere refraining from work is not evidence

of total disability, in the absence of a condition serious enough to wholly prevent you from working.

"In these circumstances, we are discontinuing the payment of further benefits and the check which you received as of September 1st is the last payment to be made. Your policies are being restored to a premium paying basis and future premiums should be paid as they become due, if the contracts are to remain in force. The next annual premiums will be due February 10, 1931.

"Should you at sometime in the future again become totally disabled strictly within the provisions of the contract, we will gladly consider another claim, provided your insurance is in good standing."

This was ample notice to appellee that all disability payments would end with the September payment and unless premium payments were made February 10, 1931, the policies would be canceled, and fully warranted the findings of the master of the court in that regard.

Appellant contends that equity has no jurisdiction of this cause of action and that appellee has an adequate remedy at law. We cannot agree with this contention. In *Brooklyn Life Ins. Co. v. Weck,* 9 Ill. App. 358, 361, the court held: "It may be, however, that by reason of impaired health, or other cause for which he is not to be charged, he is no longer insurable upon the usual terms, and if such be the case, he ought not to acquiesce in the company's declaration of forfeiture, but insist upon his right that the policy should be continued in force; and to this end he may institute a proceeding in chancery to have it adjudged in force, and the rights of the parties may thus be speedily determined, and the question of forfeiture set at rest; or he may tender his premiums, and if refused, wait until the policy by its terms shall be payable, and bring an action on the policy. *Day v. Conn. Life Ins.*

*Co.,* 45 Conn. 480; *N. Y. Life Ins. Co. v. Statham,* 93 U. S. 24; *Phoenix Ins. Co. v. Baker,* 85 Ill. 410.''

No objection was made before the master that appellee had an adequate remedy at law and that exception, therefore, made before the court was waived. (*Law v. Ware,* 238 Ill. 360; *McIntyre v. McIntyre,* 287 Ill. 544; *Kaufman v. Wiener,* 169 Ill. 596.)

It is argued strenuously in this case by appellant that appellee was in no manner injured by the conduct of appellant so as to entitle appellee to an injunction. Payments of benefit falling due each month upon these policies were to be stopped, according to the threat and terms of appellant's letter requiring a suit to be commenced each month and a multiplicity of suits and in the opinion of this court appellee was entitled to the injunction order.

Appellant calls the court's attention to a further provision in the policies, as follows: ''The agreement further provides that should the insured recover from total and permanent disability, the payment of benefits and waiver of premiums should cease. By the latter provision it is contemplated that a person while totally and permanently disabled at the present time, in the sense that he is unable to do anything and it is impossible to say just how long his condition will continue, might at some future time recover from his disability sufficiently to perform work or engage in an occupation for remuneration.''

This was a valid provision of the policies and was the basis of the only substantial issue in the case. We have read all of the testimony offered in the case and we are of the opinion that the proofs support the decree.

Appellant complains that the court, in its decree, allowed appellee disability benefits for one month too many. The record does show that these payments had been made to September 1, 1930. The record does not

118

show when the disability commenced or the amounts paid, and there is nothing before this court to indicate that these payments were made monthly in advance. This particular objection and exception was not pointed out either to the master or the chancellor and we cannot determine it was error.

Finding no error in the record, the decree of the circuit court of Hancock county is affirmed.

*Affirmed.*