## RAY v. NEW YORK LIFE INS. CO.
### No. 2804.

District Court, W. D. Louisiana, Alexandria Division.

Aug. 28, 1937.

John R. Hunter & Son, of Alexandria, La., for plaintiff.

Harold W. Hill, of Alexandria, La., and Montgomery & Montgomery, of New Orleans, La., for defendant.

DAWKINS, District Judge.

Plaintiff brought this suit in the state court, alleging that he had been issued a policy of life insurance by the defendant on January 22, 1918, in the sum of $1,000, which carried a provision for the payment of $100 per year in event of total disability; that he had become totally disabled, and the company was due him that sum "payable annually on the first day of each year beginning January 1, 1930, and continuing until the death of your petitioner"; that under a statute of the State of Louisiana (Act La. No. 310 of 1910, § 3), he was entitled to recover this amount of $200 per year because of the defendant's unjustified refusal to pay when due; that the defendant had attempted to cancel the policy and he was entitled to have it held to be in force over the period of time mentioned and indefinitely without the payment of premiums and to recover $500 as attorney's fees.

Defendant removed the case to this court on the grounds of diverse citizenship.

Plaintiff has moved to remand, alleging that the amount involved is below the jurisdiction of this court.

The petition was filed on January 15, 1937, and, accordingly, under its allegations there would be due eight installments of $100 each, which, if doubled as demanded, would amount to $1,600, and the attorney's fees claim of $500 would run it to $2,100. Since the demand is for the reinstatement also of the policy which the defendant attempted to cancel, its face amount is likewise involved [see Bell v. Philadelphia Life Insurance Company (C. C.A.) 78 F.(2d) 322], and this added to the sum of $2,100 would make a total of $3,100, and amount in excess of the minimum jurisdiction of this court, to say nothing of the premiums over the period of eight years of which plaintiff would be relieved.

My conclusion is that the court does have jurisdiction and the motion to remand should be denied.

Proper decree should be presented.