## JOHNSON v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.

### No. 8992.

Circuit Court of Appeals, Sixth Circuit.

April 8, 1942.

L. H. Hilton, of Louisville, Ky., for appellant.

Eugene B. Cochran, of Louisville, Ky. (Wm. Marshall Bullitt and Bruce & Bullitt, all of Louisville, Ky., on the brief), for appellee.

Before MARTIN and McALLISTER, Circuit Judges, and SWINFORD, District Judge.

McALLISTER, Circuit Judge.

The Equitable Life Assurance Society of the United States issued to Dan F. Johnson, three policies of life insurance in 1922, in the face amounts of $2,000, $2,500, and $3,000, with premiums payable in advance on the eighth day of January of each year, for 20 years, or until the prior death of the insured. All premiums were paid on the policies up to and including those which became due on January 8, 1936.

The policies contained a disability clause which read as follows:

"(II) Disability Benefit after age 60.

"In case the Insured after attaining age sixty, and while this policy is in full force and effect, becomes totally and permanent-ly disabled as above described, and furnishes due proof thereof, the Society, subject to the conditions above stated, will on each subsequent anniversary date of this policy during the continuance of such disability waive payment of the premium, if any, for the ensuing policy year, whereupon the amount of insurance shall become reduced by the amount of premiums so waived and subsequent premiums and loan and surrender values shall be reduced proportionately."

On or about August 3, 1936, after the insured had attained the age of 60 years, and while the policies were in full force and effect, he became totally and permanently disabled and remained so until his death on July 30, 1938. The policies were in his possession prior to August, 1929, at which time they were put in a lock box, standing in the name of his daughter in Louisville, Kentucky, where they remained until after his death. In May, 1936, the daughter moved to Washington, and at that time gave one of the keys to the lock box to her mother, the appellant herein. During his lifetime, neither the insured, nor any one else furnished any proof that he was totally and permanently disabled, the first notice of such disability, having been communicated to the insurance company by appellant's attorney on February 5, 1939, approximately six months after the death of the insured. Appellant brought suit in the state court of Kentucky, and appellee's petition to remove the case to the United States District Court was denied by the circuit judge. Thereafter, appellee filed a transcript of record of the proceedings, which were had in the state court, in the District Court of the United States for the Western District of Kentucky. Appellant's motion to remand the case to the state court was denied; and, upon a trial, a judgment of dismissal of appellant's petition was entered. On appeal, we are confronted at the outset with the question whether the District Court had jurisdiction of the cause of action.

It is the contention of appellant that the premiums which became due during the period in which the insured was totally and permanently disabled, were waived, even though notice of such disability was not given until later; and, deducting loans made on the policies, appellant's claim is for $2,711.33—less than the amount required for federal jurisdiction. Appellee

maintains that there could be no recovery on the policies unless premiums of $694.43 are waived, for the reason that the policies must first be reinstated, and that the matter in controversy must be measured by the value of the reinstatement of the policies, as well as the value of a cash recovery thereon. In other words, appellee contends that the matter in controversy involves the amount of the premiums, claimed to be waived, in addition to appellant's cash claim on the policies.

Berryman v. Board of Trustees of Whitman College, 222 U.S. 334, 32 S.Ct. 147, 56 L.Ed. 225, is cited by appellee in support of its claim that the jurisdictional amount is measured by the value of the right to be protected, and not by the value of some isolated element of that right. The cited case involved an action by a city against a college for the collection of $946.00 in taxes. Claiming that it was perpetually exempted from such taxes, the college removed the case to the federal court, and on motion to remand, contended that the matter in controversy was the value of the right of the college to the perpetual exemption. The city claimed that the matter in controversy was only the amount of tax sought to be collected, and that its value could not be increased by considering taxes that might be assessed in the future. The court held that the relief sought was the enforcement of a contract of exemption during the perpetual life of the corporation, and that the value of the contract right in issue, consisting of the exemption asserted, exceeded in value the jurisdictional amount. Obviously, if the city had prevailed, it could have taxed the institution in the future, many times the jurisdictional amount. We are of the opinion that the authority relied upon is not here applicable.

In Bell v. Philadelphia Life Ins. Co., 4 Cir., 78 F.2d 322, where a suit was instituted on a policy of insurance to recover disability benefits and to have the policy, providing for $10,000 life indemnity, declared in full force and effect, on allegations that the insurance company had wrongfully declared that it had lapsed for nonpayment of premiums, the court held that the action involved more than $3,000, inasmuch as the policy itself was directly in controversy, and its value determined the value in suit. In Ray v. New York Life Ins. Co., D.C., 20 F.Supp. 497, plaintiff brought suit to recover disability benefits, penalties for unjustified refusal to pay, and reinstatement of a lapsed policy. The court held that the amounts sought to be recovered, as well as the face amount of the policy, were involved. In none of these cases, cited by appellee, do we find the proposition in issue before us.

Here appellant seeks no disability benefits, but sues to recover an amount less than that requisite for federal jurisdiction, under the provisions of the policy, pertaining to payment of insurance upon the death of the insured. Appellant asserts that the payments of the premiums, alleged by appellee to be in default, were waived, from the time that the insured became permanently and totally disabled, regardless of when notice of such disability was given. If such nonpayment of premiums was waived, appellant, in any event, is limited to a recovery of less than $3,000.00. The fact that she must establish that premiums payable, subsequent to insured's disability and prior to his death, were waived, does not increase the amount of the matter in controversy, by the amount of the premiums so waived. If notice had been given immediately upon the disability of the insured, with the result that the company had, admittedly, waived the payment of all subsequent premiums, it could hardly be contended that the matter in controversy aggregated the amount recoverable under the policy, together with the amount representing the waived premiums. Under her theory, appellant must prove waiver of payment of premiums, as of the time of insured's disability. If she succeeds in this, it matters not how many subsequent premiums were payable by the terms of the contract of insurance, as in such a case, they would all be waived and would not enter into consideration of the matter in controversy.

It is our conclusion that the District Court lacked jurisdiction because of insufficiency of the amount involved. The case should have been remanded to the state court, on motion. We express no opinion on the merits of appellant's claim.

The judgment is reversed and the case remanded to the District Court for disposition in accordance with this opinion.